## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-66 PA (AGRx) | | Date | April 14, 2026 |
|---|---|---|---|---|
| Title | Kendra Gilliams v. Willie Walker | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS — COURT ORDER

The Court has reviewed plaintiff Kendra Gilliams' ("Plaintiff") response to the Court's April 6, 2026 Order to Show Cause why this action should not be dismissed for lack of prosecution.  (Docket No. 15 ("Response").)  The Court issued the Order to Show Cause after Plaintiff failed to serve the Summons and Complaint within the 90 day deadline established by Federal Rule of Civil Procedure 4(m).  (Docket No. 11.)

Plaintiff initiated this action on January 5, 2026.  The Complaint names Willie Walker ("Walker"), d/b/a SBC Clips, as the sole defendant.  On April 7, 2026, Plaintiff filed a First Amended Complaint, which adds Cart Before the Horse Productions, LLC as a defendant. (Docket No. 12 ("FAC").)  In her Response to the Order to Show Cause, Plaintiff indicates that Walker was personally served on April 9, 2026 and that Plaintiff's is "awaiting the executed proof of service from the process server[.]"  (Response at p. 2.)  Plaintiff also explains that her process server is attempting to serve Cart Before the Horse Productions, LLC through its registered agent and that Plaintiff "anticipates completing service . . . in the immediate future." (Id.)

As an initial matter, it appears that in filing the FAC, Plaintiff has failed to comply with Rule 15 of the Federal Rules of Civil Procure.  Under Rule 15, a party may amend a pleading as a matter of course either (1) within 21 days of serving it or (2) if a responsive pleading is required, within 21 days of being served with a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  In all other cases, the party seeking to amend must obtain the opposing party's written consent or leave of the court.  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff filed the FAC two days prior to serving Walker and before any responsive pleading was served.  Thus, it appears that Plaintiff was not entitled to file the FAC as a matter of course under Rule 15(a)(1).  Moreover, Plaintiff has not demonstrated compliance with Rule 15(a)(2), as there is no indication that Plaintiff obtained Walker's written consent to amend, and Plaintiff did not seek leave of the Court prior to filing the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-66 PA (AGRx) | Date | April 14, 2026 |
|---|---|---|---|
| Title | Kendra Gilliams v. Willie Walker | | |

With regard to the Order to Show Cause, Plaintiff's Response confirms that she did not serve Walker within the 90 day deadline established by Rule 4(m). While Plaintiff insists that "good cause exists to excuse any delay in service" (Response at p. 2), she makes no effort to explain why she did not serve Walker within the required timeframe.[1/] Importantly, moreover, although Plaintiff represents that she has now served Walker and is attempting service on newly-added defendant Cart Before the Horse Production, LLC, Plaintiff has not yet filed a proof of service as to any defendant. The Court therefore concludes that Plaintiff has not adequately responded to the Court's Order to Show Cause.

Accordingly, the Court extends the deadline for Plaintiff to file an adequate response to the Order to Show Cause. The Court additionally orders Plaintiff to show cause why the FAC should not be stricken due to Plaintiff's violation of Rule 15. Plaintiff shall file a supplemental response to the Order Show Cause, addressing all issues discussed in this Order, by no later than April 27, 2026. Failure to timely or adequately respond to the Order to Show Cause by the above date may result in the imposition of sanctions, including but not limited to the striking of the FAC or the dismissal of this action without further warning.

IT IS SO ORDERED.

---

[1/] To the extent Plaintiff means to argue that the filing of the FAC extended the Rule 4(m) 90-day deadline for service, Plaintiff is mistaken. See Lockhart v. Logistics LLC, No. CV 21-8169 FMO (KESx), 2022 WL 504597, at *1 (C.D. Cal. Feb. 18, 2022) ("Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service." (internal quotations omitted)); Kinney v. Three Arch Bay Cmty. Servs. Dist., 2017 WL 2992744, *1 (C.D. Cal. 2017) ("Although Plaintiff filed an amended complaint on July 10, 2016, such filing does not restart or otherwise toll the 90-day service period.") (citing Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006)).